### HUFF *et al. v.* HUFF, executor.

Where an action for the recovery of a legacy under a will was brought against a named person as executor thereof, the declaration alleging the probate of the will in common form and the executor's qualification, it was error to overrule the plaintiff's demurrer to a plea of *res judicata* alleging that a former action by the same plaintiff against the same defendant for the same cause of action had been dismissed on demurrer, it appearing from an inspection of the declaration filed in the first suit, and mentioned in the plea as a basis of the defense of *res judicata*, that it was an action on the case against the defendant, not as executor, but in his individual capacity, and that it sought, not to recover a legacy, but damages arising from his fraudulently consenting to a verdict in a proceeding for probate of the will in solemn form, by reason of which consent the will was set aside and its probate denied, the measure of the damages claimed being the legacy lost in consequence of the wrongful act of the defendant.

April 27, 1896. Argued at the last term.

Petition for account and settlement. Before Judge Reese. Oglethorpe superior court. April term, 1895.

To the petition in this case, the defendant filed a plea of *res adjudicata*, to which plaintiffs demurred. The demurrer was overruled, the plea sustained, and the action dismissed. The plaintiffs were Mary, Jim, Margaret and Julia Huff. They alleged that on May 25, 1890, James M. Huff died testate, by his will leaving to Mary Huff $1,000 in money, besides all his furniture and live stock, to Jim Huff a horse worth $100 and a bridle and saddle, and to Margaret and Julia Huff $200 each in money, and nominating defendant as executor. On June 2, 1890, the will was proved in common form before the ordinary of Oglethorpe county, and R. W. Huff duly qualified as executor, and as such has taken charge of the entire estate. The estate was amply sufficient to pay their said legacies

in full, over and above all other debts and charges; but they have received but sixty odd dollars thereof. They waive discovery and pray that defendant be required to make an account and settlement with them of his acts as executor, and to pay over to them their legacies, and for general relief. Process is prayed against defendant as executor. This petition was filed September 25, 1893. By amendment it is alleged that at said date Robert W. Huff was the executor of the will of James M. Huff.

The plea was, that at the April term, 1892, of this court, plaintiff Mary Huff brought her suit against this defendant for the same cause of action as is set up in this suit. The same was demurred to at that term of court, the demurrer sustained and the suit dismissed; said demurrer and order of dismissal being attached. Defendant pleads the suit and judgment as a bar to this suit.

The original petition, filed March 25, 1892 (which seems to have been considered by the court in connection with this plea), appears to have been a petition of Julia Huff alleging as follows: R. W. Huff is indebted to her $200, with interest from May 25, 1891, for that on April 27, 1885, James M. Huff made his last will in which he bequeathed to petitioner $200, and nominated R. W. Huff as his executor, directing him to pay over to petitioner said amount, the fifth item of the will providing that $200 in money should be given to Margaret Huff and $200 in money to Julia Huff, both of them being the daughters of testator's cook, Mary Huff; that on May 25, 1890, James M. Huff died; and on June 2, 1890, R. W. Huff proved the will in common form, and on October 6, 1890, offered it for probate in solemn form, when a *caveat* was filed by the heirs at law of the deceased, and the case was then appealed by consent to the superior court; that R. W. Huff, without the consent of petitioner, ceased to press the probate of the will, as he was legally and in good faith bound to do, and without offering any evidence to support the

will, agreed at the October term, 1891, of Oglethorpe superior court, to a verdict setting the will aside, without any provision for the payment. of petitioner's legacy, and providing in the verdict for the payment to himself, out of the estate of deceased, $2,550, which was unauthorized by any pleadings or evidence filed or submitted in the case, and thereby absorbed almost the entire estate, and thus refused and still refuses to pay petitioner her said $200; that petitioner was not a party to the case, and was only represented therein by R. W. Huff as executor, who having accepted said trust was in law and good conscience bound to use his utmost endeavors to sustain and establish the validity of the will, which he failed to do, to the damage of petitioner said $200 and interest. Process was prayed against R. W. Huff.

The amendments to this petition, in the record, are headed "Mary Huff vs. R. W. Huff." The first amendment alleges, that R. W. Huff is likewise indebted to petitioner the further sum of $300, besides interest thereon at seven per cent. per annum from May 25, 1891, for that he has wholly failed and refused to turn over to her a horse and two mules belonging to James M. Huff at the time of his death, and which were bequeathed to her under said will, of the value of $300. Another amendment alleges, that said verdict and judgment were a fraud upon her rights and were mere nullities, because she never consented to the same, and because there never were any pleadings filed in said case except the petition for probate, the caveat and appeal. Petitioner prays that said verdict and judgment, as against her rights, be set aside. The demurrer to this petition was upon the grounds, that it did not set forth any cause of action against defendant; and that it did not allege any agreement or contract by which defendant was in any manner bound to pay plaintiff any money.

Samuel H. Sibley and Henry T. Lewis, for plaintiffs.
John J. Strickland and William M. Howard, for defendant.

Atkinson, Justice.

It addition to the statements made in the head-note, it is only necessary to add: An analysis of the declaration filed in this case will disclose, that the present suit is brought against R. W. Huff in his representative capacity, as executor of the will of James M. Huff, the will having been admitted to probate in common form, and the defendant having qualified and taken possession of the estate. In the case wherein the judgment now pleaded as *res adjudicata* to the present suit was rendered, the action brought was an action on the case against the defendant in his individual capacity, seeking to recover damages for his personal misfeasance in fraudulently permitting the probate of the will in solemn form to be defeated. The loss of the legacies, because of the wrongful conduct of the executor, being the actual amount of the damages sustained by the plaintiffs in consequence of the executor's culpable failure to secure the probate of the will in solemn form, it became material only that the value of the legacies should be stated as fixing the measure of damages. In that case the legacies were only incidentally involved. In the present case the action is for the legacies themselves against the executor, and they are accordingly the direct subject of the controversy. The two causes of action are totally different, and the judgment upon the former case, it having been dismissed upon general demurrer, cannot be pleaded to the present action as *res adjudicata*. The court therefore erred in overruling the motion to strike the plea.

*Judgment reversed.*